IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-06-469-S-BLW |
| | ) |                       CR-04-229-S-BLW |
| v. | ) | |
| | ) | **ORDER DENYING MOTION** |
| CHRISTOPHER DALE BRIGGS, | ) | **FOR RECUSAL** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Defendant-Movant's Motion for Recusal (Docket No. 13).  Defendant-Movant (Briggs) has asked the undersigned to recuse himself on the grounds that I am personally biased against him and the Court has not diligently acted on his pending § 2255 Motion.  More specifically, Briggs alleges that I showed "open contempt" for him during the sentencing on his most recent supervised release violation and that I am purposely delaying granting an evidentiary hearing to force him to serve all or most of his nine-month sentence. Briggs does not indicate whether he is moving pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455.

### A.    28 U.S.C. § 144

Section 144 provides for recusal of the presiding judge upon filing of a

**Order Denying Motion for Recusal - 1**

"timely and sufficient affidavit" setting forth facts establishing the judge's bias or prejudice which affidavit must be accompanied by a "certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. "Failure to follow these elementary procedural requirements defeats a charge of bias." *Davis v. Fendler*, 650 F.2d 1154, 1162 (9th Cir. 1981) (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907 (1979)). The presiding judge determines whether the affidavit is timely and legally sufficient. *Berger v. United States*, 255 U.S. 22, 32 (1921). Only if the judge finds it so does he "proceed no further." *Azhocar*, 581 F.2d at 738.

Briggs has filed neither an affidavit nor a certificate of counsel. Obviously since he is proceeding *pro se*, he does not have a counsel of record. Some courts have concluded simply that an individual proceeding *pro se* cannot proceed under this statute. *See, e.g., Williams v. New York City Housing Authority*, 287 F.Supp.2d 247, 249 (S.D.N.Y. 2003) (denying motion for recusal where *pro se* plaintiff signed certificate of counsel himself); *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D.Ind. 1996) (*pro se* plaintiff cannot file affidavit under § 144). Other courts have concluded that the affidavit of *any* counsel who is a member of the bar may sign the certificate. *See, e.g. United States v. Pungitore*, No. Civ. 97-2972, 2003 WL 22657087, at *2 (E.D. Pa. October 24, 2003) (*pro se* litigant is

**Order Denying Motion for Recusal - 2**

required to have certificate of counsel) (citing *Thompson v. Mattleman, Grrenberg, Schmerelson, Weinroth & Miller*, No. Civ. A. 93-2290, 1995 WL 318793, at *1 (E.D. Pa. May 25, 1995) (holding that *pro se* movant satisfies § 144 provision if certificate is signed by any member of the bar of the court)).  In any event, because Briggs has not filed an affidavit, and because either he cannot proceed at all under § 144 because he is *pro se*, or because he did not file a certificate of any counsel in support of his motion, Briggs is precluded from proceeding under § 144.

  B. 28 U.S.C. § 455

  This statute, in relevant part, directs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(a) and (b)(1), respectively.  Unlike § 144, § 455 does not require an affidavit and certificate of counsel to accompany a motion to recuse.  Section 455(a) is a "'catchall' recusal provision, covering both 'interest or relationship' and 'bias or prejudice' grounds.  *Liteky v. United States*, 510 U.S. 540, 548 (1994) (citations omitted).  Section 455(b)(1) duplicates § 144 regarding bias and prejudice but "place[s] the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit."  *Id.*

  The so-called extra-judicial source doctrine, applicable to § 144, is

**Order Denying Motion for Recusal - 3**

applicable as well to both § 455(a) and (b)(1). *Liteky*, 510 U.S. at 554. In other words, the alleged bias or prejudice must arise from or involve some factor other than what the judge learned from his participation in the case. *Azhocar*, 581 F.2d at 739 (citing *United States v. Grinnell Corp*, 384 U.S. 563,538 (1966)).

Adverse rulings generally do not constitute the requisite bias or prejudice. *Liteky*. 510 U.S. at 555. *See also Azhocar*, 581 F.2d at 739 (citing *Berger v. United States*, 225 U.S. 22, 34 (1921)). Nor do opinions formed by judges based on facts introduced or events occurring in current or prior proceedings "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

### 1.  Comments at Sentencing

Briggs alleges that at the revocation sentencing, I "showed open contempt" for him by stating that I was reluctant to follow the Government's sentencing recommendation, that I assumed he would get into trouble within two months of his release, and that I hoped that he would come before a state court judge rather than before me.

I have reviewed the transcript of the sentencing hearing to determine the accuracy of Briggs' allegations. It appears initially that Briggs, while admitting the violations, "quibbled" about the details of the violations or attempted to rationalize

**Order Denying Motion for Recusal - 4**

them. Sent. Tr. 11-15.  He then gave a relatively lengthy allocution in which he further explained his reasons for violating and the positive steps he had taken since his incarceration on the original offense.  Sent. Tr. 20 - 25.  I then commented:

> Well, Mr. Briggs, I went back over your presentence
> report last night in preparation for the hearing today, and
> I think your statement to the Court just kind of reinforced
> what is set forth in the presentence report.
>
> The problem is that I think you just cannot grasp the idea
> that you don't control and you don't have the right to
> control your own conduct when you're on supervised
> release, but somehow you feel that, despite whatever it is
> that may have got you in trouble, whatever it is that you
> pled guilty to, that somehow you should be able to dictate
> the parameters of the punishment and the circumstances
> under which you're supervised.

Sent. Tr. 26-27.

I continued my comments by opining that Briggs was unsupervisable because he was always going to second-guess any directives of the Probation Officer or orders of the Court and make his own decisions as to what was best for himself.  Sent. Tr. 27.  I then made the specific comments to which Briggs, somewhat inaccurately, refers:

> But I'm going to predict that when you finish this nine-
> month sentence, that it will take you certainly less than
> two years to find yourself back into trouble, and probably
> a matter of months that you'll be back, hopefully, in front
> of a state court judge in Missouri [where he hoped to
> return after his sentence], or wherever it is you go to,

**Order Denying Motion for Recusal - 5**

> because that same attitude is going to carry out into the
> rest of your life.  You're going to rationalize and justify
> everything you do and it's going to lead you back into
> the very same problems you have here.

Sent. Tr. 28.

Taken in context, it is apparent that my comments were prompted by Briggs' own statements and attitude displayed in the course of judicial proceedings.  They were not prompted by any extrajudicial source.  In any event,

> . . . judicial remarks during the course of a trial that are
> critical or disapproving of, or even hostile to, counsel, the
> parties, or their cases, ordinarily do not support a bias or
> partiality challenge.  They *may* do so if they reveal an
> opinion that derives from an extrajudicial source; and
> they *will* do so if they reveal such a high degree of
> favoritism or antagonism as to make fair judgment
> impossible. . . .  *Not* establishing bias or partiality,
> however, are expressions of impatience, dissatisfaction,
> annoyance, and even anger, that are within the bounds of
> what imperfect men and women, even after having been
> confirmed as federal judges, sometimes display.

*Liteky*, 510 U.S. at 555-56 (emphasis in original).

While my comments may have resulted from impatience or exasperation on my part at that point in time, they do not reflect my current attitude towards Briggs.[1]  Indeed, many sentencings have occurred between the time of Briggs'

---

[1] Even at sentencing, despite my negative comments, I imposed the sentence recommended by the Government of nine months followed by no term of supervised release rather than the high end of the advisory guideline range of 5 to 11 months or the statutory maximum of 18 months.  Furthermore, I recognized that Briggs had taken some positive steps

**Order Denying Motion for Recusal - 6**

revocation sentencing and the time he filed his § 2255 Motion. Had Briggs not brought these comments to my attention in his Motion for Recusal, I would not have even recalled them, much less have been affected by them in ruling on the § 2255 Motion. Nevertheless, now that they have been brought to my attention, I find that they still do not support a finding of bias or prejudice given that the comments were not prompted by factors or information derived from an extrajudicial source.

### 2. Delay in § 2255 Proceedings

Briggs also alleges that he believes I am delaying granting an evidentiary hearing to force him to serve all or most of his sentence. Delay in ruling on a § 2255 motion is not a ground for recusal under § 144, § 455, or case law. *See Baldyga v. United States*, 337 F.Supp.2d 264, 269-70 (D.C. Mass. 2004) (delay of more than one year in ruling on petition for habeas corpus relief was "inordinate and regrettable," but did not constitute grounds for recusal). Furthermore, Briggs is not entitled to an evidentiary hearing on his § 2255 Motion in any event as is shown from the Memorandum Decision and Order filed herewith. Accordingly,

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant-Movant's

---

since his prior release from custody. Sent. Tr. 28-29.

**Order Denying Motion for Recusal - 7**

Motion for Recusal (Docket No. 13) is DENIED.



DATED: **May 7, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Denying Motion for Recusal - 8**