IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-06-469-S-BLW |
| | ) | CR-04-229-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| CHRISTOPHER DALE BRIGGS, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| ———————————————— | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Docket No. 1) and Motion for Hearing

(Docket No. 12).  Having reviewed the record, including the Government's

Response (Docket No. 6) and Defendant's Reply (Docket No. 9), the Court enters

the following Order denying the Motions.

## REVIEW OF § 2255 MOTION

### A.    Procedural Background and Summary of Claims and Issues

On November 10, 2004, Defendant ("Briggs") was charged in a three-count

Indictment with unlawful possession of a firearm by an unlawful user of a

controlled substance in violation of 18 U.S.C. § 922(g)(3), unlawful possession of

a firearm by a person subject to a court restraining order in violation of 18 U.S.C.

**Memorandum Decision and Order - 1**

§ 922(g)(8), and forfeiture of the firearm pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2641(c).   On January 11, 2005, a Superseding Indictment was filed charging Briggs with the original three counts as well as two counts of unlawful possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. § 922(g)(1).   Docket No. 17.   Several continuances were granted both before and after the filing of the Superseding Indictment triggered by change of counsel and various pretrial motions.   Among those motions was Briggs' Motion to Dismiss Pursuant to Speedy Trial which the Court denied.   Docket Nos. 39 and 48.[1]

Briggs ultimately pled guilty to the unlawful possession of a firearm by a person subject to a court restraining order and to the forfeiture count.   The Plea Agreement pursuant to which he pled, contained a waiver of his appellate rights and his right to file a § 2255 proceeding except in very limited circumstances which will be discussed below.   *Plea Agreement* at 7-8 (Docket No. 55).

On December 5, 2005, the Court sentenced Briggs to term of imprisonment of 18 months to be followed by three years of supervised release.   Docket No. 77. Briggs thereafter timely appealed the denial of his motion to dismiss on speedy trial grounds.   Following his release, Briggs violated the terms of supervised

---

[1]  The Court set forth the speedy trial clock calculation in its Memorandum Decision and Order (Docket No. 48) and will not repeat it here.

**Memorandum Decision and Order - 2**

release.  On April 21, 2006, he was sentenced by the Honorable Thomas G. Nelson to a term of imprisonment of 6 months to be followed by 30 months of supervised release.  Docket No. 101.  Following his release from that term of imprisonment, Briggs again violated the terms of his supervised release.  On November 28, 2006, he was sentenced by this Court to a term of imprisonment of nine months to be followed by no supervised release.  Docket No. 118.

Shortly before his sentencing in the second revocation proceeding, the Ninth Circuit affirmed this Court's denial of the speedy trial motion.  Docket No. 104. Thereafter, Briggs timely filed his § 2255 Motion in which he asserts three claims of ineffective assistance of counsel on appeal.  More specifically, he alleges (1) that counsel failed to raise on appeal that the Government had filed a Superseding Indictment containing two unfounded charges to manipulate the transfer of custody resulting in the denial of his right to a speedy trial; (2) that counsel failed to challenge the finding that Briggs had not requested a hearing on the motion to suppress until May 2005 despite attempts of Briggs to do so; and (3) that counsel failed to file a petition for certiorari following the Ninth Circuit's decision affirming denial of his speedy trial motion.  Briggs claims that had these  issues been raised on appeal, the outcome of the appeal would have been different.

### B.    Standards of Law

**Memorandum Decision and Order - 3**

### 1.      Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**Memorandum Decision and Order - 4**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.  The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  Also, a hearing need not be held if the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison*, 431 U.S. 63, 67 (1977).  Rather, a § 2255 motion must allege *specific* facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).  Where, assuming the truth of the specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits.  *See United States v. Leonti*, 326 F.3d 1111, 1116; 1122 (9th Cir. 2003).

### 2.    Ineffective Assistance of Counsel Standard

A defendant is entitled to effective assistance of counsel on his first appeal of right.  *Evitts v Lucey*, 469 U.S. 387, 391-405 (1985).  However, appellate

counsel is not required to raise every issue suggested or requested by a defendant. *Miller v. Keeney* 882 F.2d 1428, 1434 (9th Cir. 1989).  In fact, weeding out issues that have little chance of success to focus on stronger issues is a widely accepted practice at the appellate level.  *Id. See also* United States v. Baker, 256 F.3d 855, 862-63 (9th Cir. 2001) (applying *Miller* in a § 2255 situation).  Ineffective assistance of counsel claims against appellate counsel are governed by the same *Strickland* standard as claims involving representation at earlier stages of the proceeding.  *See* Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002).

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See* Strickland v. Washington, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697.  *See also* Bell v. Cone, 535 U.S. 685, 695 (2002).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See* Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that

"counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87.  Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689.

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  This standard is "highly demanding."  *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order.  *Strickland,* 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

**C.    Discussion**

The Government asserts initially that Briggs has waived his right to bring first two claims because they are based on facts known to Briggs and his attorney at the time Briggs entered his guilty plea and that he has failed to show the cause or

prejudice required by *Frady* to allow him to raise the issues now for the first time in this § 2255 proceeding.  *See United States v. Frady*, 456 U.S. 154, 167-68 (1982). Furthermore, the Government asserts that any collateral issues raised in those first two grounds, such as allegations of prosecutorial misconduct with respect to the Superseding Indictment and manipulation of Briggs' custody between state and federal court, were waived to the extent that they do not relate to his speedy trial claim.

### 1.    Waiver of Right to File § 2255 Motion.

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence.  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993).  However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion).

The Plea Agreement here contained a provision that Briggs waived his right to appeal any issue other than "the district court's adverse ruling on the defendant's motion to dismiss the case for violation of the Speedy Trial Act, Title 18, United States Code, Section 3161 et seq."  *Plea Agreement* at 7 (Docket No. 55).  Briggs

**Memorandum Decision and Order - 8**

did appeal that issue and it was decided adversely to him.

With respect to a collateral challenge to his sentence through a § 2255

motion, the Plea Agreement provided that Briggs:

> . . . knowingly and voluntarily gives up (waives)
> defendant's right to contest defendant's pleas, conviction,
> or sentence in any post-conviction proceeding, including
> any proceeding authorized by Title 28, United States
> Code, Section 2255, except as to an appeal claiming
> ineffective assistance of counsel based upon facts
> discovered <u>after</u> the entry of defendant's guilty pleas.

*Plea Agreement* at 8 (Docket No. 55).

The language of the waiver here expressly referred to the right to bring a

§ 2255 proceeding based on facts known at the time the plea was entered.  Briggs

knew at the time the plea was entered all of the facts regarding the Superseding

Indictment and the changes between federal and state custody.  However, because

Briggs was entitled to effective assistance of counsel on appeal, the Court will

address the first two claims on the merits only to the extent that they relate to the

Speedy Trial Act appeal.

## 2.    Failure to Raise Additional Grounds in Support of Speedy Trial Argument

Briggs alleges that counsel failed to raise the issue that "the U.S. Attorney

employed an improper tactic to manipulate transfer of custody resulting in denial

of right to a speedy trial, specifically by indicting Briggs for 2 violations she knew

to be malicious prosecution." *§ 2255 Motion* at 5.  To the extent that Briggs is

attempting to raise a malicious prosecution claim, it is denied as waived.  The only

issue within the scope of the exception to the appellate waiver was whether this

Court's decision denying Briggs' motion to dismiss on speedy trial grounds was

correct.  The Ninth Circuit affirmed that decision and in doing so set forth a

condensed version of this Court's timeline.  Neither this Court's nor the Ninth

Circuit's calculation of the speedy trial clock considered the filing of the

Superseding Indictment.  The calculation was based solely on the date of Briggs'

arraignment on the original Indictment and the tollings required by the filing of the

motion to withdraw and motions to dismiss and suppress through to the date the

Court denied Briggs' motion to dismiss.

The filing of a superseding indictment is irrelevant to the calculation of the

speedy trial clock.  *See United States v. Flores-Sanchez*, 477 F.3d 1089, 1092-93

(9th Cir. 2007) (citing *United States v. Rojas-Contreras*, 474 U.S. 231, 239

(1985)).  The time period within which the trial must start is computed from the

later of the date of the indictment or the date of defendant's arraignment.  18

U.S.C.  § 3161(c)(1).  Pursuant to § 3161(d)(1), filing a second indictment after

the first is dismissed on a defendant's motion results in restarting the speedy trial

clock.  However, the same is not true when a superseding indictment is filed.  *Id.* at

**Memorandum Decision and Order - 10**

1092.  Furthermore, the provision at § 3161(c)(2) that essentially provides for a thirty-day trial preparation period does not allow for restarting that trial preparation period upon filing of a superseding indictment.  *Rojas-Contreras* 474 U.S. at 234. By its terms, the trigger date for that preparation period is the date of the first appearance by counsel.

Briggs argues that raising the issue of the U.S. Attorney's alleged manipulation of custody and filing of the Superseding Indictment to defeat any speed trial claim would have resulted in a different outcome on appeal. *§ 2255 Motion* at 6, ¶ 13.  However, he does not suggest how the outcome would have been different.  It is abundantly clear from the Speedy Trial Act and the cases cited above that the filing of a superseding indictment has no effect on the running of the speedy trial clock.  In other words, whether Briggs was in state or federal custody or whether a superseding indictment had been filed or not would have not changed the fact that only 42 of the 70 days had run between the date of his arraignment on the original indictment and the time of the denial of his motion to dismiss. Whether counsel had agreed to raise that issue is irrelevant.  The issue was frivolous.  Appellate counsel is not even required to raise every non-frivolous issue on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (indigent defendant has no constitutional right to compel appointed counsel to press nonfrivolous

**Memorandum Decision and Order - 11**

points if counsel decides against doing so in an exercise of professional judgment).

Clearly then, appellate counsel is not required to raise frivolous issues. *See*

*Gustave v. United States*, 627 F.2d 901, 906 (9th Cir.1980) (there is no

requirement to raise issues that are clearly untenable despite allegation that

attorney assured defendant he would do so).

    Having demonstrated neither deficient performance nor resulting prejudice,

this claim is dismissed.

### 3.    Failure to Challenge District Court's Finding that Briggs Did not Request a Hearing on his Motion to Suppress Until May 2005.

    Briggs next contends that he was bound by the Court's Procedural Order that

was not vacated when he was transferred back to state custody; that the court clerk

refused to set a hearing on the motion to suppress when requested in February prior

to the pretrial motion cutoff date; that had he not been transferred back into state

custody, the Court would have held a timely hearing on the motion; and that the

lapse of time would not have exceeded the time for a speedy trial. *§ 2255 Motion* at

5-6, ¶ B.  Briggs further alleges that the Court implied in its memorandum decision

on the speedy trial motion that the defense did not request a hearing on the motion

until May.  The Court construes these allegations, as did the Government, to mean

that counsel should have raised on appeal the issue that the Court had refused to set

Memorandum Decision and Order - 12

a hearing on his motion to suppress when requested by counsel in February.[2]

This allegation is conclusively rebutted by the record.  Defense counsel stated in his argument that he requested a hearing on the motion to suppress on or by March 11, 2005, that the Court denied the request for hearing as being premature, and that he was thereby unable to have his motions timely heard. *Appellant's Br.* at p. 13 (Docket No. 6-4).  He further argued that based on the Court's denial of his request to set a hearing on the motions, they should have been considered under advisement pursuant to 18 U.S.C. § 3161(h)(J) thereby triggering a 30-day period beyond which the speedy trial clock would have again begun to run.  *Appellant's Br.* at p. 14. (Docket No. 6-4).  Indeed, that argument was the thrust of the appeal.  Nevertheless, the Ninth Circuit did not find it persuasive. Indeed, it did not even address the argument.

Not only is Briggs' claim rebutted by the record, when a defendant has been given a full and fair opportunity to litigate an issue on direct appeal, it may not be raised again in a § 2255 motion.  *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700-01 (9th Cir. 1985)).

### 4.    Failure to File a Petition for Certiorari

---

[2]  The Court notes that the Procedural Order sets a deadline for filing pre-trial motions but not a deadline for requesting or having hearings.  The Court further notes that the motion to suppress was not yet ripe when defense counsel requested that a hearing be set.  The Court generally does not set motions for hearing until a motion is fully ripe.

**Memorandum Decision and Order - 13**

Briggs initially alleged that appellate counsel was ineffective for withdrawing from his case without filing a petition for *certiorari* to the Supreme Court.  To his credit, Briggs withdrew this claim in his Reply after considering the Government's Response.  *Reply* at 1 (Docket No. 9).  It is clear that the constitutional right to counsel "extends to the first appeal of right and no further."  *See Pennsylvania v. Finley*, 481 U.S. 551 (1987).  Accordingly, appellate counsel had no duty to file a petition for *certiorari* on Briggs' behalf.

### D.    Conclusion

The issues raised by Briggs can be conclusively decided on the basis of the evidence in the record.  He has failed to allege facts that, if true, would entitle him to relief.  Accordingly, Briggs' claims shall be dismissed for the reasons stated herein without an evidentiary hearing.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant-Movant's Motion for Hearing (Docket No. 12) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant-Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED and Case No. CV-06-469-S-BLW is DISMISSED.

DATED:  **May 7, 2007**

**Memorandum Decision and Order - 14**

Honorable B. Lynn Winmill
Chief U. S. District Judge